**Lee Curtis JOHNSON, Appellant,**

v.

**AMERICAN CAN COMPANY, Appellee.**

No. 13992.

Court of Civil Appeals of Texas.

Houston.

Oct. 18, 1962.

Rehearing Denied Nov. 8, 1962.

Roberson L. King, Houston, for appellant.

V. R. Burch, Jr., Houston, and James M. Neel, Attys., and Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a suit to set aside an arbitration award. From an unfavorable judgment appellant, plaintiff in the trial court, brings this appeal.

The trial court sustained defendant's plea in abatement reading as follows:

### I.

"As alleged in Plaintiff's original petition on file herein, the question whether Plaintiff's discharge by Defendant was proper and in accordance with the terms of the contract then in effect between Defendant and United Steel Workers of America was submitted to arbitration, and the impartial Arbitrator found, in an award dated September 19, 1958, that such discharge was proper. A true copy of this award is attached hereto as Exhibit 'A' and made a part hereof for all purposes. This award is correct and is supported by the evidence presented at the arbitration hearing, is valid and unimpeachable, and bars completely Plaintiff's claims for damages and re-employment or any other relief."

When the plaintiff failed to amend his petition, judgment was entered dismissing the suit.

Appellant briefs two points of error, one of which is that, "Plaintiff's action is not barred by the arbitration award." In his original petition appellant sought an order requiring appellee to re-employ him with accrued seniority and to pay him the wages he would have earned from the date of his discharge. Paragraph IV of his petition reads:

"Plaintiff further shows that his suspension and discharge were submitted to arbitration and that the company's position was sustained. That at said proceeding, Plaintiff was not accorded adequate or competent counsel and that the finding of the arbitration was

against the overwhelming weight of the evidence."

No other grounds for setting aside the award of the arbitrator are contained in the petition.

 It is well settled in Texas that the award of an arbitrator in a matter properly submitted to arbitration is final and conclusive, unless it is shown that the arbitrator was "guilty of fraud, misconduct, or such gross mistake as would imply bad faith or failure to exercise an honest judgment." Galveston, H. & S. A. Ry. Co. v. Henry & Dilley, 65 Tex. 685. Errors of fact or law are not grounds for setting aside an award. Johnson v. Korn, 117 S.W. 2d 514, Tex.Civ.App., error ref.; Grand International Brotherhood of Locomotive Engineers v. Wilson, 341 S.W.2d 206, Tex.Civ. App., error ref., n. r. e.

There is no contention that the arbitration was not conducted in accordance with the contract between appellee and the United Steel Workers of America. Appellant has alleged that prior to his discharge and while employed by appellee, he was a member of the United Steel Workers of America, who was the exclusive bargaining representative of the employees of appellee under a collective bargaining contract. The justness of an employee's discharge must be determined in accordance with the applicable provisions of that contract and since appellant's discharge has been processed through the grievance procedure and has been upheld by the award of the arbitrator, he has no cause of action in court until the award has been set aside. Couey v. Arrow Coach Lines, 288 S.W.2d 192, Tex.Civ.App.

The trial court did not err in sustaining the plea in abatement, and since appellant failed to amend his petition to state a cause of action not vulnerable to this plea, the judgment of dismissal was proper.

Appellant's other point of error relates to the action of the trial court in sustaining another plea in abatement on different grounds. In view of our holding above, we find it unnecessary to determine the correctness of this action.

The judgment of the trial court is affirmed.