**DECISION CONTROL SYSTEMS, INC., Appellant,**

v.

**PERSONNEL COST CONTROL, INC., Thomas J. Humphreys, and Don R. Thomas, Appellees.**

No. 05–89–00395–CV.

Court of Appeals of Texas, Dallas.

Feb. 21, 1990.

Martin T. Bode, Arlington, for appellant.

Bruce E. Longenecker, Dallas, for appellees.

Before HOWELL, ROWE and KINKEADE, JJ.

## OPINION

HOWELL, Justice.

This suit grows out of the sale of assets between two corporations. Appellant, Decision Control Systems, Inc. (Buyer), appeals a take-nothing judgment on its Deceptive Trade Practices Act claim against Personnel Cost Control, Inc. (Seller), and

the principals of Seller, Thomas J. Humphreys and Don R. Thomas. Buyer argues that the trial court erred in submitting Buyer's DTPA claim against Seller to arbitration and in entering judgment on the award. Additionally, Buyer contends that the trial court erred in entering a take-nothing judgment against Humphreys and Thomas. The issue is whether the arbitration clause in the Asset Purchase Agreement (Agreement) covers Buyer's DTPA claim against Seller. Finding that the arbitration clause is not broad enough nor specific enough to cover DTPA claims, we reverse the judgment of the trial court and remand for further proceedings on Buyer's DTPA claims against Seller and its principals.

Initially, Seller filed suit for an order compelling arbitration pursuant to the Agreement.[1] Thereafter, Buyer filed a separate action against Seller, Humphreys, and Thomas for damages under the DTPA. The court below ordered consolidation, ordered that Seller's DTPA claim be submitted to arbitration, and ordered that Buyer's DTPA claims against Humphreys and Thomas be stayed. After Seller prevailed at the arbitration hearing, the trial court entered a money judgment for Seller against Buyer on the contractual claim and entered a take-nothing judgment against Buyer on its DTPA claims against Seller, Humphreys, and Thomas.

The arbitration clause provides: "[A]ll questions as to rights and obligations *arising under the terms of this Agreement* are subject to arbitration except for matters involving claims for injunctive relief...." (Emphasis added.) In its first point of error, Buyer contends that its DTPA cause of action against Seller does not *arise* under the Agreement, but rather is composed of statutory claims that are separate from the Agreement. Buyer cites *Weitzel v. Barnes*, 691 S.W.2d 598 (Tex. 1985), for the proposition that DTPA misrepresentation claims are separate and distinct from the contract itself. While not

---

1. The parties do not contest the enforceability of the arbitration clause vel non; this opinion assumes without deciding that, under the circum-  stances shown, a suit for specific performance thereof would lie.

directly on point, the Supreme Court did there hold that oral misrepresentations made *before* (and after) an "as is" purchase agreement could serve as the basis of a DTPA claim and that, in that particular case at least, traditional contract notions did not apply. *Id.* at 600. Buyer's essential position is that the arbitration clause covered only claims arising under the terms of the contract, not causes of action under the DTPA. Furthermore, Buyer contends that the order to arbitrate violates the nonwaiver provision of the DTPA. *See* Tex.Bus. & Com.Code Ann. § 17.42 (Vernon 1987); *Poe v. Hutchins,* 737 S.W.2d 574, 580 (Tex.App.—Dallas 1987, writ ref'd n.r.e.) (section 17.42 prohibits waiver of a buyer's DTPA claim based on his conduct, as well as contractual waivers). We do not reach the question whether a consumer can ever contractually agree, in advance of the occurrence of a dispute, that his DTPA claim shall be arbitrated; we hold that this arbitration clause was neither broad enough nor specific enough to cover DTPA claims.

■ The Deceptive Trade Practices Act is to be liberally construed and applied to promote its underlying purposes. Tex.Bus. & Com.Code Ann. § 17.44 (Vernon 1987). We therefore hold that any ambiguity in a contract clause seeking to limit right of recourse under the DTPA must be construed against such limits. We interpret the language of the contract, "all questions as to rights and obligations arising under the terms of the agreement," to mean only actions for breach of the provisions of the written agreement.

■ Buyer asserts that its claims, which are essentially misrepresentation claims, do not arise under the written agreement but under the DTPA. Seller argues that misrepresentation claims fall under the Agreement because of the following clause:

> *Disclosure.* Seller has disclosed to Purchaser all facts material to the Purchased Assets. No representation or warranty by the Seller in this Agreement or in any writing attached hereto, contains or will contain any untrue statement of material fact or omits or will omit to state any material fact (of which the Seller or any of its directors or stockholders has knowledge or notice) required to make the statements herein or therein contained not misleading.

We interpret Seller's argument to be that since the Agreement recited that Seller had disclosed all material facts and that all representations and warranties made by it were true, then any alleged "failures to disclose" or "misrepresentations" were breachs of the contract. We find nothing in the Agreement which provides that the writing shall be the sole basis for claims by one party against the other. We question the circumstances under which a party may cause an agreement to provide that the opposite party may not have recourse to the DTPA with respect to any matter covered by a written agreement. However, we need not go so far; clearly, there was no attempt to declare an action for breach of the Agreement to be the exclusive remedy between the parties.

■ The acts and omissions claimed under the DTPA occurred in the contract formation stages. Any duty not to make misrepresentations and any duty to make certain disclosures were duties imposed by law, regardless of whether they were also addressed in the agreement. *See International Printing Pressmen & Assistants' Union of North America v. Smith,* 145 Tex. 399, 409, 198 S.W.2d 729, 735 (1946); *Southwestern Bell Tel. Co. v. Delanney,* 762 S.W.2d 772, 774 (Tex.App.—Texarkana 1988, no writ) (a contract action is for a breach of duty arising out of a contract; an action in tort is for the breach of a duty imposed by law); *see also* 4 A. Corbin, Corbin on Contracts § 943 (1951) (a breach of contract is always a *nonperformance* of a duty; every executory contract creates legal duty). We conclude that Buyer's DTPA claims, if they have substance, arose independently of the contract, and, therefore, they are not subject to the arbitration clause.

Even though we reach an opposite result, our holding is consonant with *Valero Energy Corp. v. Wagner & Brown, II,* 777 S.W.2d 564, 567 (Tex.App.—El Paso 1989).

The *Valero* defendant contracted to purchase certain quantities of gas. Plaintiff alleged in its "tort" action that the defendant had "wrongfully and fraudulently curtailed its purchase of … gas" from the plaintiff. *Valero,* at 565. However, the supposed "tort" constituted nothing more than the nonperformance of a contractual duty; without the contract, there was no obligation to purchase at all. *Valero* gave examples of torts which would not have fallen under the arbitration clause there in issue—one example was fraudulent inducement to enter into a contract. *Id.* at 567. We follow *Valero's* rationale; our Buyer's statutory misrepresentation claim was similar to the common law tort of fraudulent inducement to enter into a contract, not a common law action for breach of contract.

Concluding that the arbitration clause in the Agreement is not broad enough to preclude the DTPA claims here asserted, we hold that the trial court erred in submitting Buyer's DTPA claims to arbitration, and we sustain Buyer's first point of error.

In point two, Buyer asserts error in the entry of a take-nothing judgment on Buyer's DTPA claims against principals Humphreys and Thomas, who were not parties to the Agreement. We have held that the trial court erred in submitting Buyer's DTPA claim against Seller to arbitration; it follows that the arbitrator's decision cannot cut off Buyer's DTPA claims against Seller's principals. We sustain point two.

We have determined to reverse and remand the entire case. In doing so, we do not reach the question whether the trial court ruled erroneously or improvidently upon the breach of contract claims. Instead, we take the view that the trial court should determine, in the first instance, if the case, in its current posture, is ripe for a severed judgment, and if Seller has demonstrated a right to such relief.

We reverse and remand the entire action for further proceedings consistent with this opinion.