**J.J. GREGORY GOURMET SERVICES, INC., Appellant,**

v.

**ANTONE'S IMPORT COMPANY, Appellee.**

No. 01–94–00671–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 3, 1995.

Cary J. Gray, Jim M. Perdue, Houston, for Appellant.

Gerald P. Denisco, Eva Guzman, Houston, for Appellee.

Before HEDGES, WILSON and ANDELL, JJ.

## OPINION

HEDGES, Justice.

Appellant, J.J. Gregory Gourmet Services, Inc. (J.J. Gregory), appeals a judgment confirming an arbitration award arising from its contract dispute with appellee, Antone's Import Company (AIC). In three points of error, J.J. Gregory argues that the trial court erred in confirming certain paragraphs of the arbitration award because (1) the findings underlying the award were barred by res judicata and collateral estoppel; (2) one finding concerned issues that were not submitted to the arbitration panel; and (3) the arbiters improperly awarded injunctive relief. We affirm.

### Summary of Facts

AIC is a Houston company, established in 1962, that became known for its delicatessen operation, imported foods, and specialty sandwiches known as "Antone's Po–Boys." In 1978, J.J. Gregory and AIC executed a purchase and sale agreement (the agreement) in which J.J. Gregory obtained certain exclusive rights to own, operate, and franchise specialty import food stores, delicatessen systems, and business marks and logos associated with the Antone's name. The agreement also addressed AIC's reservation of rights concerning the use of the marks and systems within two and one-half miles of its three stores. An arbitration clause provided for final arbitration of "[a]ll disputes, claims and questions regarding the rights and obligations" of the parties.

In November 1992, AIC filed suit against J.J. Gregory, seeking damages and injunctive relief for alleged violations of the agreement. AIC specifically complained that (1) J.J. Gregory's sale of the distinctive "Antone's Po–Boy" sandwich to grocery stores and sandwich outlets was improper because these stores were not J.J. Gregory's franchises; and (2) J.J. Gregory had failed to pay and

continued failing to pay AIC a royalty for sales within a two and one-half-mile radius of each AIC store. AIC also contended that J.J. Gregory's sandwiches were inferior in quality and would damage AIC's reputation. J.J. Gregory counterclaimed for a declaratory judgment interpreting the terms of the agreement. The trial court ordered arbitration at J.J. Gregory's request. The arbiters found that, subject to certain restrictions, J.J. Gregory holds a valid and enforceable license to utilize the trademarks "Antone's" and "Antone's Import Company" and that AIC is authorized to license or franchise businesses to use the trademarks within a two and one-half-mile radius of three specified locations. J.J. Gregory is enjoined from selling or permitting others to sell any products using the trademarks within the two and one-half-mile radius. Following the arbitration proceeding, the trial court confirmed the entire award despite J.J. Gregory's motion to modify or vacate certain paragraphs of the award.

### Grounds to Review Arbitration Awards

██ An arbitration award has the same effect as the judgment of a court of last resort, and a trial court reviewing the award may not substitute its judgment for the arbiters' merely because it would have reached a different conclusion. *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 518 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Arbitration awards are favored by the courts to dispose of pending disputes; therefore, every reasonable presumption will be indulged to uphold the arbitration proceeding. *City of Baytown*, 886 S.W.2d at 518; *Riha v. Smulcher*, 843 S.W.2d 289, 292 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

██ The statutory grounds for vacating an arbitration award are: (1) it was the product of corruption, fraud, or undue influence; (2) a party was prejudiced by the evident partiality, misconduct, or willful behavior of an arbiter; (3) the arbiters exceeded their powers; (4) the arbiters refused to postpone the hearing, refused to hear evidence material to the

controversy, or otherwise conducted the hearing so as to substantially prejudice the rights of a party; or (5) there was no arbitration agreement, the issue was not adversely determined in proceedings under article 225,[1] and the complaining party participated over objection. TEX.REV.CIV.STAT.ANN. art. 237, § A (Vernon 1973); *City of Baytown*, 886 S.W.2d at 517; *Powell v. Gulf Coast Carriers, Inc.*, 872 S.W.2d 22, 23 (Tex.App.—Houston [14th Dist.] 1994, no writ). Statutory arbitration is cumulative of the common law. *L.H. Lacy Co. v. City of Lubbock*, 559 S.W.2d 348, 351 (Tex.1977). The common law grounds to set aside an arbitration award include fraud, misconduct, or gross mistake that implies bad faith and failure to exercise honest judgment. *Riha*, 843 S.W.2d at 292.

The statutory grounds for modifying an arbitration award are: (1) it contains an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award; (2) the arbiters awarded upon a matter not submitted to them, and the award may be corrected without affecting the merits; or (3) there is an error in form, not affecting the merits. TEX.REV.CIV.STAT.ANN. art. 238, § A (Vernon 1973); *Powell*, 872 S.W.2d at 24.

██ A mere mistake of fact or law is insufficient to set aside the arbitration award. *Riha*, 843 S.W.2d at 292; *Johnson v. American Can Co.*, 361 S.W.2d 451, 453 (Tex. Civ.App.—Houston 1962, no writ). Absent a statutory or common law ground to vacate or modify an arbitration award, a reviewing court lacks jurisdiction to review other complaints, including the sufficiency of the evidence supporting the award. *See Powell*, 872 S.W.2d at 24.

J.J. Gregory asks this Court to reverse the judgment of the trial court in part, and to render judgment that three paragraphs of the award are improper as a matter of law and are to be redacted from the judgment. Specifically, J.J. Gregory complains of the following findings and awards of the arbiters.

---

**1.** TEX.REV.CIV.STAT.ANN. art. 225 (Vernon 1973) addresses proceedings to compel or stay arbitration.

## Preclusive Challenges to the Award

In point of error one, J.J. Gregory contends that the trial court erred in confirming paragraphs two, three, and nine because they are barred by res judicata and collateral estoppel. It argues that these paragraphs contradict a final summary judgment granted in its favor in a separate lawsuit styled *J.J. Gregory Gourmet Serv. v. Okde*, No. 92–28218 (Dist. Ct., of Harris County, 151st Judicial Dist. of Texas, March 15, 1993).

We do not believe that res judicata and collateral estoppel constitute grounds for modifying or vacating an arbitration award. Moreover, even if they did constitute such grounds, J.J. Gregory did not establish the applicability of either doctrine.

■ To establish res judicata or claim preclusion,[2] the claimant must show: (1) there was a prior *final judgment* on the merits rendered by a court of competent jurisdiction; (2) the parties, or those in privity with them, are identical in both suits; and (3) the same cause of action is involved in both suits. *Gracia v. RC Cola–7–Up Bottling Co.*, 667 S.W.2d 517, 518 (Tex.1984); *Tippit v. Tippit*, 865 S.W.2d 624, 626 (Tex. App.—Waco 1993, no writ).

■ To establish collateral estoppel or issue preclusion, the claimant must show: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 801 (Tex.1994); *United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 674 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding).

■ A judgment on appeal is considered final for purposes of claim and issue preclusion. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex.1986). However, when the appellate court reverses that judgment, the finality necessary for claim or issue preclu-

sion is eliminated. *See Berryman v. El Paso Natural Gas Co.*, 838 S.W.2d 610, 614 (Tex. App.—Corpus Christi 1992), *rev'd on other grounds*, 858 S.W.2d 362 (Tex.1993).

After the briefs were filed in this case, this Court reversed and remanded the summary judgment granted in cause number 92–28218. *Antone's Import Co. v. J.J. Gregory Gourmet Serv., Inc.*, No. 01–93–00410–CV, slip op. at 11, 1995 WL 51029 (Tex.App.—Houston [1st Dist.], Feb. 9, 1995, no writ) (not designated for publication). Accordingly, the judgment upon which J.J. Gregory relies is not final for purposes of res judicata or collateral estoppel. Therefore, even if they were proper grounds for modifying or vacating the award, J.J. Gregory cannot rely on res judicata or collateral estoppel to reverse this judgment.

We overrule point of error one.

## Issue Before the Arbiters

In point of error two, J.J. Gregory contends that the trial court erred in confirming paragraph nine of the arbitration award because the arbiters exceeded their authority in awarding relief on an issue not submitted to them by either party.

■ Paragraph nine grants AIC authority to license and franchise within two and one-half miles of each of its stores. The paragraph, as it appears in the trial court's judgment, states:

> Antone's Import Company is authorized to license or franchise the establishment of businesses to utilize the Trademarks and to sell Po–Boy sandwiches in any manner within the area within a two and one-half (2–1/2) mile radius of each of the following addresses: 807 Taft Street, Houston, Texas; 8110 Kirby Drive, Houston, Texas (formerly located at 8111 Main Street, Houston, Texas); and, 1440 South Voss Road, Houston, Texas (formerly located at 1639 South Voss Road, Houston, Texas).

Although AIC did not specifically demand arbitration of its rights within the two and

---

2. The term "res judicata" is also a generic description for the related concepts of claim preclusion (res judicata) and issue preclusion (collateral estoppel). *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). The preclusive effect of res judicata is broader than collateral estoppel because the prior judgment bars not only actually litigated claims but also claims arising from the same subject matter. *Id.* at 630.

one-half-mile radius, it did discuss those rights in its memorandum to the arbiters. In that document, it wrote,

The Agreement clearly provides in Paragraph 1 that [J.J. Gregory] will not own or operate any franchises within a 2–1/2 mile radius of those Antone's stores listed on Exhibit A. [The first paragraph of the 1978 agreement provides that J.J. Gregory's] license and rights shall extend to the entire United States of America excluding areas within a two and one-half mile radius of the [three AIC] locations.

In addition, J.J. Gregory discussed this issue in its "Defendant's Answer, Counterclaim and Amended Demand for Arbitration," in which it states,

AIC maintains the right to own and operate stores, as listed on Annex A to the Agreement. The Agreement is ambiguous about the rights to "franchise" multiple stores within in [sic] the two and one-half mile radius of the locations listed on Annex A. The intent of the parties was for AIC to retain operations at its three original locations, and be limited to such three stores. Therefore, AIC is not entitled to open stores or other operations than the three original locations.

The statement of facts from the arbitration proceeding indicates that this counterclaim and amended arbitration demand was reviewed by the arbiters.

As evidence that the issue of AIC's restricted zones was not submitted to the arbiters, J.J. Gregory refers to the parties' proposed awards, which, it argues, are silent on this topic. However, paragraph six of J.J. Gregory's proposed award states that AIC "may not operate additional stores or franchises other than the three stores." This reference to the restricted zones in J.J. Gregory's own proposal is some evidence that the issue was before the arbiters.

We find that J.J. Gregory's arbitration demand, its proposed award, and AIC's arbitration demand provide sufficient evidence that the issue of AIC's authority within the restricted areas was raised and submitted to the arbiters. The trial court did not err in confirming paragraph nine of the arbitration award.

In point of error two, J.J. Gregory also argues that the evidence is legally and factually insufficient to support the award in paragraph nine. Evidentiary challenges to an arbitration award are not generally reviewable absent a statutory or common-law basis for review. *See Powell,* 872 S.W.2d at 24.

We overrule point of error nine.

## Injunctive Relief

In point of error three, J.J. Gregory contends that the trial court erred in confirming paragraphs two and three because the arbiters lacked the authority under the arbitration agreement to award injunctive relief.

**Source of Authority**

The arbiters' authority is derived from the arbitration agreement, and their decision is limited to the authority set forth in the agreement either expressly or by necessary implication. *Gulf Oil Corp. v. Guidry,* 327 S.W.2d 406, 408 (Tex.1959); *City of Baytown,* 886 S.W.2d at 518. Courts have recognized that "in the absence of clearly restrictive language, great latitude must be allowed in fashioning the appropriate remedy constituting the arbitrator's 'decision'." *Lodge No. 12, Dist. 37, Int'l Ass'n of Machinists v. Cameron Iron Works, Inc.,* 292 F.2d 112, 119 (5th Cir.), *cert. denied,* 368 U.S. 926, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961).

The arbitration clause in the present contract provides:

All disputes, claims and questions regarding the rights and obligations of [AIC and J.J. Gregory] *under the terms of this Agreement* are subject to arbitration. Either party may make a demand for arbitration by filing such demand in writing with the other party within 30 days after the dispute first arises. Thereafter, arbitration shall be conducted by three arbitrators under the rules of the American Arbitration Association. One arbitrator shall be selected by the Seller and one arbitrator shall be selected by the Purchaser. If the two arbitrators so selected are unable to agree they shall choose a third arbitra-

tor. The decision of the three arbitrators shall be final.

(Emphasis added.) J.J. Gregory argues because injunctive relief is not a term of the agreement, the arbiters have no authority to award it.

### Extent of Award

■ Paragraph two acknowledges J.J. Gregory's license but limits it territorially by excluding a two and one-half-mile radius surrounding three AIC store locations.

> J.J. Gregory Gourmet Services, Inc. holds a valid, binding and enforceable license to utilize the trademarks ... with the following restrictions:
>
> A. J.J. Gregory Gourmet Services, Inc. is not authorized under its license to operate, sub-license or franchise any business establishment or operation which uses or publicly displays the Trademarks, or sells products bearing the Trademarks, within a two and one-half (2–1/2) mile radius of each of the [three AIC stores].
>
> B. J.J. Gregory Gourmet Services, Inc. is not authorized under its license to authorize the sale of any product, including Po–Boy sandwiches, by a third party acting for itself or as agent for J.J. Gregory Gourmet Services, Inc. within a two and one-half (2–1/2) mile radius of each of the [three AIC stores].
>
> C. J.J. Gregory Gourmet Services, Inc. is not authorized under its license to sell, or to authorize any third-party acting on its own behalf or as agent for J.J. Gregory Gourmet Services, Inc. to sell products, including Po–Boy sandwiches, to any third-party who J.J. Gregory Gourmet Services, Inc. believes or has reason to believe sells or intends to sell such products, including Po–Boy sandwiches, within a two and one-half (2–1/2) mile radius of each of the [three AIC stores].

Paragraph three permanently enjoins J.J. Gregory from selling products within the restricted area:

> J.J. Gregory Gourmet Services, Inc. is hereby Ordered to immediately cease and desist and is thereby permanently enjoined from selling, and from permitting the sale by others (whether under license, re-sale, consignment or other arrangement), of any products bearing the Trademarks at any location within a two and one-half (2–1/2) mile radius of each of the [three AIC stores]; provided, however, that such injunction shall not apply with respect to the continued operation of retail establishments by J.J. Gregory Gourmet Services, Inc. at 810 Capitol, Houston, Texas, 5350 Westheimer, Houston, Texas, and in Galleria II, Houston, Texas.

J.J. Gregory argues that equitable relief is generally not a recognized power of arbiters. In support of that argument, it relies on *Decision Control Systems, Inc. v. Personnel Cost Control, Inc.*, 787 S.W.2d 98, 99 (Tex. App.—Dallas 1990, no writ), in which the appellate court reversed an award of injunctive relief. Such reliance is misplaced. The issue of whether arbiters may grant injunctive relief was not an issue in that case.[3]

The parties have cited no Texas cases, nor have we found any, specifically prohibiting injunctive relief when the arbitration agreement is silent on this point. We reiterate that because arbitration awards are favored by the courts, every reasonable presumption will be indulged to uphold the arbitrators' decision, and none is indulged against it. *City of Baytown*, 886 S.W.2d at 518. In light of the broad arbitration clause in the agreement—and in the absence of any language specifically prohibiting the arbiters from granting injunctive relief—we conclude that the arbiters did not exceed their authority in awarding such relief.

We overrule point of error three.

We affirm the judgment of the trial court.

---

**3.** We note that the arbitration clause in *Decision Control* specifically excluded injunctive relief: "[A]ll questions as to rights and obligations *arising under the terms of this agreement* are subject to arbitration *except for matters involving claims for injunctive relief.*" 787 S.W.2d at 99 (second emphasis added). There is no such restriction in the arbitration agreement between J.J. Gregory and AIC.