Opinion issued October 27, 2005
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01335-CV
 __________
 
ROBERT T. BROCKMAN, INDIVIDUALLY, AND RENTAL SYSTEMS,
INC., Appellants
 
V.
 
ROBERT M. TYSON ET UX DANA TYSON, Appellees
 

 
 
On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2000-64325
 

 
 
MEMORANDUM OPINION
          This is an appeal from a final judgment that confirms an arbitration award
relating to the enforcement of a severance payment provision. Robert M. Tyson and
Dana Tyson, appellees, sued Robert T. Brockman and Rental Systems, Inc.,
appellants, for fraud, breach of contract, and fraudulent concealment. The case was
arbitrated, and the arbitration panel rendered an award for the Tysons. In two points
of error, Brockman and Rental Systems contend that (1) the trial court erred in
confirming the arbitration award because the arbitration panel committed a gross
mistake by applying the law of novation and mutual mistake and (2) the trial court
erred in confirming the award when the arbitration panel abused its discretion and
exceeded its authority by ignoring the terms and procedures of the governing contract
in determining the remedy. We affirm.
Background
          On April 15, 1991, Brockman and Robert and Dana Tyson entered into an
agreement that created Rental Systems, Inc.—a business that rented personal
computers, electronic equipment, and associated services. Tyson provided the
concept for the business, and Brockman provided the capital and commercial
expertise.
          The 1991 agreement provided that, in the event that Tyson was terminated,
resigned, or died, he would receive a Business Appreciation Incentive of 20% of the
“Gain in Value” of Rental Systems. Dana Tyson was also a signatory to this
agreement. In 1993, Tyson and Brockman purportedly entered into an Executive
Compensation Plan that extinguished the old contract and served as the new,
controlling contract. The 1993 Plan provided that, in the event that Tyson was
terminated, resigned, or died, he would be provided payment of a “Compensation
Value” based on the net book value of the company. Dana Tyson was not a signatory
to the 1993 Plan.
          On November 4, 1999, Tyson’s employment terminated. Alleging that his
signature on the 1993 Plan was forged or otherwise obtained by fraud or deceit,
Tyson requested that he be provided for under the 1991 agreement. Rental Systems
disagreed, and Tyson filed suit to recover the Tysons’ severance payment under the
1991 contract, alleging fraud, breach of contract, and fraudulent concealment. Rental
Systems filed a motion to compel arbitration that was granted. During the four-day
arbitration proceeding, Brockman testified that the 1993 Plan was created because the
1991 contract was lost. The Tysons, however, testified that the 1991 contract was not
lost, and they produced a copy of the contract during the proceeding. 
          The Arbitration Panel held that the 1993 Plan was unenforceable and that the
1991 agreement controlled.


 The arbitration award provided as follows: 
We, the undersigned having been designated in accordance with the
arbitration agreement of the parties reflected in Section 9 of the
Employment Agreement dated January 7, 1997, having been duly sworn,
and having heard all of the proofs, allegations, arguments, and
authorities of the parties in a hearing on the merits conducted in
Houston, Texas, on September 15, 16, 17, and 18, 2003, hereby
unanimously AWARD as follows:
 
1.This is a net Award that takes into account all claims, defenses,
and matters in dispute in this proceeding as reflected in (1)
Claimants’ First Amended Specification of Arbitration Claims
dated August 15, 2003, and (2) Respondents’ Original Answer
dated January 29, 2001, filed in this case and brought forward
from the state District Court proceeding. The parties have jointly
requested a reasoned Award.
 
2.A central issue in this case is whether the termination of Bobby
Tyson’s employment with RentSys as of November 4, 1999, is
governed by an Agreement dated April 15, 1991, and signed by
Robert Brockman in his capacity as President of RentSys, Bobby
Tyson, and Dana Tyson (“the 1991 Contract”); or, instead,
whether such termination is governed by a Rental Systems, Inc.
Executive Compensation Plan dated July 9, 1993, and signed by
Robert Brockman in his capacity as President of RentSys and
Bobby Tyson, but not Dana Tyson (“the 1993 Contract”).
Claimants contend that the 1991 Contract controls since the 1993
Contract should be legally unenforceable on various grounds.
Respondents, on the other hand, contend that the 1993 Contract
was a novation which replaced and superseded the 1991 Contract,
and therefore, that the 1993 provisions should control.
 
3.The Arbitrators agree with the Claimants that the 1993 Contract
is unenforceable, and therefore, that the 1991 Contract is to be
given force and effect in this case. Robert Brockman’s testimony
explaining the reason for the creation of the 1993 Contract was
that the parties had “jointly declared the [1991 Contract] to be
lost.” A conflict of testimony exists on this disputed fact. Mr.
Tyson testified that the 1991 Contract was not lost, and Dana
Tyson’s testimony and the actual production of the original 1991
Contract at the arbitration hearing demonstrated that the 1991
Contract was not, in fact, lost as erroneously presumed. Thus,
although Bobby Tyson signed the 1993 Contract, the parties de
facto, if not de jure, essentially had operated as though a mutual
mistake of material fact occurred which was tantamount to a
failure of formation or consideration. Pursuant to the doctrine of
mutual mistake, when parties to an agreement have contracted
under a misconception or ignorance of a material fact, the
agreement will be voided. Moreover, neither Bobby Tyson nor
Robert Brockman intended for the 1993 Contract to be a material
modification of the 1991 Contract. As Robert Brockman
explained, the 1993 Contract was only intended to duplicate or
reconstruct the 1991 Contract. It did not. Such intention was
frustrated further by the absence of Dana Tyson as a contracting
party in 1993, and by the 1993 Contract’s definition of proceeds,
in the event of termination, as the net book value of RentSys. It
is to be noted that Texas is a community property state and
because the parties elected to have Dana Tyson’s joinder in the
1991 Contract they should have obtained her consent to or wavier
of the 1993 Contract, which was not obtained. We believe this
fact is also important. A mutual mistake of fact, defeating contract
formation or consideration, also occurs when both parties to a
transaction have a common intention, but the written contract
does not reflect, or erroneously reflects that intention because of
a mistake in documentation of the contract. See Marcuz v.
Marcuz, 857 S.W.2d 623, 627 ( Tex. App.–Houston [1st Dist.]
1993, no writ). Thus, the 1991 Contract’s original concept of a
Business Appreciation Incentive based upon the Appraised Value
of RentSys should, in equity and good conscience, prevail in this
proceeding. 
 
4.The Arbitrators find that the Appraised Value of RentSys, as of
November 4, 1999, within the meaning of Article 1 of the 1991
Contract, is $5,900,000.00. The Gain in Value, as of such date, is
$5,496,006.00.
 
5.RentSys is liable to Claimants for a total Award of $1,813,565.36,
consisting of (a) the principal sum of $208,260.00 representing
the undisputed amount due to Bobby Tyson for bonus
compensation for 1999; (b) the principal sum of $1,099,201.20
representing 20% of the aforementioned Gain in Value; (c) pre-Award interest in the sum of $281,104.16; and (d) reasonable
attorneys’ fees of $225,000.00. Robert Brockman, Individually,
has no personal liability for the Awards prescribed by this
numbered paragraph 5.
 
6.The administrative fees and expenses of the American Arbitration
Association and the compensation and expenses of the Arbitrators
shall be borne by the party(ies) having heretofore incurred the
same.
 
          7.       The parties are directed to pay and perform all aspects of this Award no
later than sixty (60) calendar days from the date this Award is signed, in
which case, no post-Award interest shall accrue; however, in the event
that the Award is not fully complied with as provided, then post-Award
interest shall accrue on all sums awarded herein from and after the sixty-first (61st) day following the date this award is signed, at the rate of 5%
per annum.
 
8.The Award is in full settlement of all claims submitted to this
arbitration, and any and all other relief not explicitly awarded
herein is hereby DENIED.

          The Tysons filed a motion to confirm the award, and Rental Systems filed a
motion to vacate the award. After an unrecorded hearing, the trial court confirmed
the arbitration award that totaled $1,813,565.36, and Rental Systems appeals the
award.
Arbitration
          In two points of error, Rental Systems contends that (1) the trial court erred in
confirming the arbitration award “when the Arbitration Panel committed such gross
mistake in wholly failing to apply Texas law regarding novation and mutual mistake”
and (2) the trial court erred in confirming the award “when the Arbitration Panel
abused its discretion and exceeded its authority by ignoring the terms and procedures
of the governing contract in determining the remedy.”



Standard of Review
          There is no dispute among the parties that they entered into a valid, binding
arbitration agreement. Texas law favors arbitration. Brazoria County v. Knutson,
176 S.W.2d 740, 743 (Tex. 1943). Statutory arbitration is cumulative of the common
law. J.J. Gregory Gourmet Servs. v. Antone’s Import Co., 927 S.W.2d 31, 33 (Tex.
App.—Houston [1st Dist.] 1995, no writ). Our review of an arbitration award is
extremely narrow. IPCO-G.&C. Joint Venture v. A.B. Chance Co., 65 S.W.3d 252,
255 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Common law allows a trial
court to set aside an arbitration award “only if the decision is tainted with fraud,
misconduct, or gross mistake as would imply bad faith and failure to exercise honest
judgment.” Teleometrics Int’l, Inc. v. Hall, 922 S.W.2d 189, 193 (Tex.
App.—Houston [1st Dist.] 1995, writ denied). Because arbitration is favored as a
means of dispute resolution, courts indulge every reasonable presumption in favor of
upholding the award. Id.; Wetzel v. Sullivan, King & Sabom, P.C., 745 S.W.2d 78,
81 (Tex. App.—Houston [1st Dist.] 1988, no writ).
          An arbitration award has the same effect as a judgment of a court of last resort,
and a court reviewing the award may not substitute its judgment for the arbitrator’s
merely because the court would have reached a different decision. City of Baytown
v. C.L. Winter, Inc., 886 S.W.2d 515, 518 (Tex. App.—Houston [1st Dist.] 1994, writ
denied). Every reasonable presumption must be indulged to uphold the arbitrator’s
decision, and none is indulged against it. Id. A mere mistake of fact or law is
insufficient to set aside an arbitration award. J.J. Gregory Gourmet Servs., 927
S.W.2d at 33. In the absence of a statutory or common law ground to vacate or
modify an arbitration award, a reviewing court lacks jurisdiction to review other
complaints, including the sufficiency of the evidence to support the award. Id.
          The party attacking the arbitration award must prove that the arbitration panel
exceeded its authority. Prudential Sec. Inc. v. Shoemaker, 981 S.W.2d 791, 793 
(Tex. App.—Houston [1st Dist.] 1998, pet. denied). The arbitration panel exceeds its
authority by deciding a matter not presented to it. 9 U.S.C. §§ 10(a)(4), 11(b) (2005).
The issues before the arbitration panel are framed by the contract between the parties
and by the pleadings. Davis v. Prudential Sec. Inc., 59 F.3d 1186, 1193 n.8 (11th Cir.
1995). 
          An arbitration award can be vacated if: (1) the award was obtained by
corruption, fraud, or other undue means; (2) the rights of a party were prejudiced by 
the evident partiality, corruption, misconduct, or wilful misbehavior of an arbitrator;
or (3) the arbitrator exceeded its powers, refused to postpone the hearing after a
showing of sufficient cause for the postponement, or refused to hear evidence
material to the controversy. Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)
(Vernon 2005). We apply this standard in reviewing the issues raised by Brockman
and Rental Systems on appeal.
Novation and Mutual Mistake
          In their first point of error, Brockman and Rental Systems contend that the trial
court erred in confirming the arbitration award “when the Arbitration Panel
committed such gross mistake in wholly failing to apply Texas law regarding
novation and mutual mistake.”   They argue that the “the terms contained in the 1993
Agreement are so inconsistent with the terms contained in the 1991 Agreement that
the two cannot subsist together.” They further contend that “Tyson never raised fact
issues establishing mutual mistake.” 
          While Brockman and Rental Systems’ arguments may have merit in a
sufficiency review, they are inappropriate for the review of an arbitration award. We
have no record from the arbitration; therefore, we have no way of knowing whether
a fact issue was raised, or, for that matter, whether certain issues were tried by
consent. The law is well-settled that we cannot substitute our judgment for the
arbitrator’s. See City of Baytown, 886 S.W.2d at 518. That statement presumes that
we have facts before us where we could possible render a different decision. Here,
with no record of the arbitration proceeding, we have no way of deciding the issue
differently, and, even if we did have a record, we recognize that every reasonable
presumption must be indulged to uphold the arbitrator’s decision, and none is
indulged against it. See id. 
          Accordingly, we overrule point of error one.
Remedy
          In point of error two, Brockman and Rental Systems contend that the trial court
erred in confirming the award when the Arbitration Panel abused its discretion and
exceeded its authority by ignoring the terms and procedures of the governing contract
in determining the remedy. Specifically, they argue that the Arbitration Panel “failed
to follow the detailed procedures necessary to properly calculate Mr. Tyson’s award
under the 1991 Agreement” and “haphazardly calculated [the] award upon Mr.
Tyson.”
          Again, these are improper arguments to raise on the appeal of an arbitration
award. As we have previously held, a mere mistake of fact or law is insufficient to
set aside an arbitration award. See J.J. Gregory Gourmet Servs., 927 S.W.2d at 33.
So, just as with point of error one, we have an inadequate record to determine whether
the Arbitration Panel ignored the terms and procedures of the governing contract, but,
even if we did have a record from the arbitration, we would be unable to correct any
errors in law or fact. See id.
          Accordingly, we overrule point of error two. 
          Conclusion
          We affirm the judgment of the trial court.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.