Opinion issued May 7, 2009












In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00790-CV




ALLSTYLE COIL COMPANY, L.P. Appellant,

V.

ROBERTO CARREON, Appellee




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2004-65621




O P I N I O N
          Allstyle Coil Company, L.P. appeals the trial court’s judgment confirming an
arbitration award under the Federal Arbitration Act in favor of appellee, Roberto
Carreon. In one issue, appellant contends that the trial court erred by confirming the
arbitrator’s award because the arbitrator exceeded his authority, manifestly
disregarded the law, and failed to base his award on any recognized legal standard.
          We affirm.
Background
          While working for Allstyle Coil, appellee Roberto Carreon, who neither spoke
nor read English, splashed wet concrete on his legs. When he told his supervisor that
he was in pain, his supervisor told him “everyone gets that.” Appellee later sought
medical attention for injuries to his legs, for which he was hospitalized for several
days. 
          Allstyle Coil is a nonsubscriber to the Texas Worker’s Compensation system. 
Appellee sued Allstyle Coil for negligence. Allstyle Coil moved to compel
arbitration, and appellee agreed. The parties agreed on an arbitrator, who found that
that Allstyle Coil had failed to warn, train, and supervise appellee adequately and
awarded approximately $217,000 to appellee. Appellee moved to confirm the
arbitrator’s award and Allstyle Coil moved to vacate it. On March 19, 2007, the trial
court rendered final judgment in accordance with the arbitrator’s award. The court
reporter filed a statement that no record was taken in this case. The appellate record
does not include a copy of the arbitration agreement.
 
Discussion
          In one issue, appellant contends that the trial court erred by confirming the
arbitrator’s award because the arbitrator exceeded his authority, manifestly
disregarded the law, and failed to base his award on any recognized legal standard. 
The parties agree that the arbitration agreement was governed by the Federal
Arbitration Act. See 9 U.S.C. §§ 1–16 (2006). Under the Federal Arbitration Act, we
review a trial court’s decision to confirm an arbitration award de novo. Tanox, Inc.
v. Akin, Gump, Strauss, Hauer & Feld, L.L.P., 105 S.W.3d 244, 250 (Tex.
App.—Houston [14th Dist.] 2003, pet. denied). The statutory grounds for vacatur
under the FAA are:
(1) Where the award was procured by corruption, fraud, or undue means.
 
(2) Where there was evident partiality or corruption in the arbitrators, or
either of them.
 
(3) Where the arbitrators were guilty of misconduct in refusing to
postpone the hearing, upon sufficient cause shown, or in refusing to hear
evidence pertinent and material to the controversy; or any other
misbehavior by which the rights of any party have been prejudiced.
 
(4) Where the arbitrators exceeded their powers, or so imperfectly
executed them that a mutual, final, and definite award upon the subject
matter submitted was not made. 
 
9 U.S.C. § 10(a). The United States Supreme Court held that these are the exclusive
grounds for vacating an arbitration award when a party has moved for confirmation
of the award in the trial court.


 Hall St. Assocs., L.L.C. v. Mattel, Inc., 128 S. Ct.
1396, 1401, 1403, 1406 (2008). Relying on Hall Street Assocs., the Fifth Circuit
overruled its prior holdings recognizing “manifest disregard of the law” as an
independent common-law ground for vacating an arbitration award. Citigroup
Global Mkts, Inc. v. Bacon, No. 07-20670, 2009 WL 542780, *9 (5th Cir. March 5,
2009).
The question before us now is whether, under the FAA, manifest
disregard of the law remains valid, as an independent ground for vacatur,
after Hall Street. The answer seems clear. Hall Street, unequivocally
held that the statutory grounds are the exclusive means for vacatur under
the FAA. Our case law defines manifest disregard of the law as a
non-statutory ground for vacatur. Thus, to the extent that manifest
disregard of the law constitutes a nonstatutory ground for vacatur, it is no
longer a basis for vacating awards under the FAA.
 
          . . . .
 
In light of the Supreme Court’s clear language that, under the
FAA, the statutory provisions are the exclusive grounds for vacatur,
manifest disregard of the law as an independent, nonstatutory ground for
setting aside an award must be abandoned and rejected. Indeed, the term
itself, as a term of legal art, is no longer useful in actions to vacate
arbitration awards. Hall Street made it plain that the statutory language
means what it says: “courts must [confirm the award] unless the award is
vacated, modified, or corrected as prescribed in sections 10 and 11 of this
title,” 9 U.S.C. § 9 (emphasis added), and there’s nothing malleable about
“must.” Thus from this point forward, arbitration awards under the FAA
may be vacated only for reasons provided in § 10. 
 
To the extent that our previous precedent holds that nonstatutory
grounds may support the vacatur of an arbitration award, it is hereby
overruled.
 
Id. at *6, *9.
 
          Here, appellee sought to enforce the arbitration award through the expedited
procedures available under the FAA, specifically by filing a motion to confirm the
award in the trial court. Appellant argues the nonstatutory grounds of manifest
disregard of the law and violation of public policy as grounds for vacatur. These are
no longer legally recognized grounds for vacating an arbitration award. To the extent
that appellant’s sole issue is based on these non-statutory grounds for vacatur, it is
overruled.
          In addition, appellant argues that the arbitrator exceeded the scope of his
authority by issuing his arbitration award several months after the court-ordered
deadline for completing arbitration and by awarding future medical damages. The
scope of an arbitrator’s authority depends on arbitration agreement. J.J. Gregory
Gourmet Servs. Inc. v. Antone’s Import Co., 927 S.W.2d 31, 35 (Tex. App.—Houston
[1st Dist.] 1995, no pet.) (citing Gulf Oil Corp. v. Guidry, 327 S.W.2d 406, 408 (Tex.
1959)).; see also Apache Bohai Corp. LDC v. Texaco China BV, 480 F.3d 397, 401
(5th Cir. 2007); Brook v. Peak Int’l, 294 F.3d 668, 672 (5th Cir. 2002). “To
determine whether an arbitrator exceeded his powers, we must examine the language
in the arbitration agreement.” Glover v. IBP, Inc., 334 F.3d 471, 474 (5th Cir. 2003). 
The appellate record does not include a copy of the arbitration agreement, nor does
it include a record of the arbitration. Based on this record, appellant has not shown
that the arbitrator exceeded his authority. To the extent that appellant’s sole issue
argues that the arbitrator exceeded his authority, we overrule appellant’s issue.
          We hold that the trial court did not err by confirming the arbitration award in
favor of appellee.
 
 
 
 
 
 
Conclusion
 
          We affirm the judgment of the trial court. 
 
 
 
                                                             Jim Sharp
                                                             Justice
 
Panel consists of Justices Taft, Bland, and Sharp.