**Reversed and Remanded and Opinion Filed October 6, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01095-CV

### R. JEFFREY SCHMIDT, SUCCESSOR TRUSTEE OF THE WARD CHILDREN'S TRUST, Appellant
### V.
### TRAVIS WARD AND HUNT OIL COMPANY, Appellees

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-07866-B**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Evans
Opinion by Justice Bridges

Appellant R. Jeffrey Schmidt, successor trustee of the Ward children's trust, appeals the trial court's order granting summary judgment in favor of Travis Ward and Hunt Oil Company. In three issues, Schmidt argues (1) Ward's failure to prosecute the case as a trespass to try title suit renders the trial court's judgment unsupportable; (2) a 1992 Order is void on its face; and (3) denial of his application for supplemental relief does not preclude his continued assertion of ownership in certain property. We reverse and remand for further proceedings.

### Background

By trust instrument dated August 4, 1972, Travis Ward and his then-wife Martha, created an irrevocable trust for the benefit of their children. Property referred to as the Westbrook Lease

was included in the Trust. All parties agree the only property at issue in this appeal is referred to as the Westbrook Lease.

In 1980, the trustees filed a declaratory judgment to determine the validity and construction of the trust. The 1980 Judgment provides in relevant part:

> The Court . . . is of the opinion : . . .
>
> 3. That the Trust Estate Owns, among other things, the following property interests: . . .
>
> [a list of twenty-five specific items follows, including the Westbrook Lease]
>
> 4. That, although questions have been raised about the validity of the Trust and Trust's property rights in the above-described real property, . . . , the Court finds that the Trust Agreement was validly, knowingly and freely entered into by the settlors and that, pursuant to its terms, can neither be changed, revoked, altered, amended or terminated by either Travis or Martha;
>
> 5. That the Trust does own all the property interests described in this Judgment, which properties were either validly transferred and assigned by the settlors of the Trust, or acquired by the Trustees on behalf of the Trust from the assets and income of the Trust.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECLARED:
>
> 1. That the Trust Agreement was validly and knowingly entered into by Defendants Travis and Martha Ward;
>
> 2. That the Trust has title to the property interests described in this Judgment, it having acquired the property interests either through valid transfer and assignment of the settlors or through acquisition by the Trustees in behalf of the Trust from the assets and income of the Trust . . .
>
> 4. That all other and further relief not specifically granted herein is denied.

In 1990, one of the original trustees died. After his death, Travis filed a motion in 1992 in Henderson County to terminate the trust and transfer legal title to himself. The Henderson

County court entered an order terminating the trust and vesting title of the properties, including the Westbrook Lease, to Travis.

The first lawsuit involving the trust was filed by Michael Ward, a trust beneficiary, in 2008 in Dallas County (the "Dallas Action"). In that suit, Michael sought damages associated with alleged conversion of trust assets, breach of various fiduciary duties against the trustees, and sought certain declarations, including a declaration that the 1992 order was null and void and the 1980 judgment was valid and determined ownership of trust property. The Dallas Action involved a series of summary judgment motions by both Travis and Michael. One of the summary judgment orders determined the 1980 judgment "was dormant, void, and of no legal force and effect."

While the Dallas Action was still pending in the trial court, Michael filed the second action involving the trust—an application for supplemental relief in Henderson County in which he requested the court to declare and order that (1) the 1980 Judgment was valid and subsisting and not dormant, void, or of no legal effect; (2) the 1980 Judgment ordered, adjudged, and declared the Trust to have title to the subject properties; and (3) Travis and all others acting in concert with him should be enjoined from claiming the 1980 Judgment was dormant and from claiming any title or interest in the subject properties. The trial court denied Michael's application, and he appealed to the Tyler Court of Appeals. The Tyler Court of Appeals affirmed the judgment. *See Ward v. Ward*, No. 12-11-00368-CV, 2012 WL 2513668, at *3 (Tex. App.— Tyler June 29, 2012, no pet.) (mem. op.) (affirming trial court's judgment because Michael failed to attack all of the grounds Travis alleged for denying the application that could, if meritorious, support the trial court's judgment).

Before the Tyler Court of Appeals affirmed the Henderson County's judgment, Travis filed a summary judgment motion in the Dallas Action arguing res judicata now applied to

–3–

Michael's claims regarding the 1980 Judgment. The trial court agreed and incorporated the Henderson County's ruling into the final judgment of the Dallas Action. The trial court entered a final take nothing judgment in favor of Travis on May 23, 2012. Michael appealed that judgment to this Court.

While the Dallas Action was on appeal, Travis sent a letter to Hunt Oil Company requesting all payments of oil and gas proceeds from the Westbrook Lease be made to him. Shortly thereafter, Schmidt, as trustee, sent a letter also claiming an ownership interest in the Westbrook Lease. Hunt Oil indicated it would not distribute proceeds in light of the conflicting ownership claims. Travis then "was forced to file this declaratory judgment action," which is the third lawsuit involving the Trust and the basis for the present appeal now before us.

In the declaratory judgment action, Travis asked the trial court to declare that he is the sole party entitled to proceeds from the Westbrook Lease; that any claim by the trust has been defeated; and that Hunt Oil may distribute the proceeds from the lease to Travis or his designee.

Travis then filed a motion for summary judgment in which he argued res judicata and collateral estoppel barred further litigation of the Trust's claims because the Henderson County judgment and the Dallas Action resulted in final judgments in which both courts determined Travis had a superior right to the Westbrook Lease.

Schmidt filed a response and argued ownership claims were not defeated by res judicata or collateral estoppel because (1) the 1980 Judgment quieted title to the Westbrook Lease and Travis used an improper vehicle (declaratory judgment rather than a trespass to try title) to dispute ownership; (2) the Henderson County action was not a "trial on the merits" such that res judicata would apply to the denial of his application for supplemental relief; and (3) the 1992 order on which Travis based his ownership was void. After a hearing, the trial court granted Travis's motion for summary judgment and ordered that (1) Travis was the sole party entitled to

–4–

the proceeds from the Westbrook Lease; (2) any claim by the Trust to the proceeds of the Westbrook Lease had been defeated; and (3) Hunt Oil shall distribute all retained net proceeds and future payments to Travis. This appeal followed.

### Standard of Review

A declaratory judgment decided by summary judgment is reviewed under the same standard of review that governs summary judgments generally. TEX. CIV. PRAC. & REM. CODE ANN. 37.010 (West 2008). Here, Travis filed a motion for traditional summary judgment. To prevail on a motion for summary judgment brought pursuant to Texas Rule of Civil Procedure 166a(c), a movant must show there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

### Discussion

Schmidt first argues summary judgment was inappropriate because Travis failed to prosecute this case as a trespass to try title, and he presented evidence that ownership of the Westbrook Lease was conclusively established in the 1980 Judgment. Travis responds Schmidt only addressed the application of res judicata and collateral estoppel as to the Henderson County action but failed to address the application of the doctrines to the Dallas Action. Thus, Travis contends Schmidt's failure to negate all grounds that could support the judgment requires an affirmance. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied) ("If an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground.").

–5–

The elements of res judicata are (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties in privity with them; and (2) a second action based on the same claims that were raised or could have been raised in the first action. *Hevey v. Hundley*, No. 05-12-00588-CV, 2013 WL 5782924, at *2 (Tex. App.—Dallas Oct. 25, 2013, pet. denied) (mem. op.). The elements of collateral estoppel are (1) the facts sought to be litigated in the second action were fully and fairly litigated; (2) those facts were essential to the judgment in the prior action; and (3) the issue is identical to an issue in the prior action. *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001).

To support his res judicata and collateral estoppel arguments, Travis relied on the trial court's conclusion in the Dallas Action that the 1980 Judgment was dormant and void, and he relied on the Henderson County's denial of Michael's application for supplemental relief, which the Tyler Court of Appeals affirmed. Thus, Travis argued any claim to the Trust's ownership and proceeds "has been litigated *ad naseum* and to finality in two other cases." However, we reversed and remanded the Dallas Action. *See Ward v. Stanford*, No. 05-12-00855-CV, 2014 WL 3955161, at *16 (Tex. App.—Dallas Aug. 14, 2014, no pet. h.).

In that opinion, we specifically addressed the parties' disputes regarding the effect of the 1980 Judgment and the Henderson County judgment. *Id*. at *15, *17. We concluded the 1980 Judgment was a final judgment, from which no party had appealed. *Id*. at *16. "Any issue as to the title to the property in 1980 was finally determined by the 1980 Judgment." *Id*. The trial court's ruling to the contrary was error. *Id*. at *17.

We also concluded the trial court erred by determining the Henderson County judgment acted as a res judicata bar to Michael's claims because the Henderson County court could not relitigate the issues resolved in the 1980 Judgment. *Id*. at *19 (further noting a party could seek supplemental relief to enforce the 1980 Judgment, but neither could relitigate the ownership; we

also refused to construe the Henderson County's denial of supplemental relief as a judgment affirmatively declaring the opposite of its 1980 ruling).[1] Thus, the arguments and evidence Travis relies on to prove his right to declaratory judgment as a matter of law in this appeal have been determined by this Court to be error in the Dallas Action.

Citing *Scurlock Oil Company v. Smithwick*, 724 S.W.2d 1 (Tex. 1986), Travis argues this Court's reversal of the Dallas Action should not alter the fact that he proved his right to declaratory judgment as a matter of law because "the binding effect of a final judgment is not altered by a pending appeal." We agree with this statement of law; however, Travis ignores the *Scurlock* court's statement shortly thereafter that "A judgment in a second case based on the preclusive effects of a prior judgment should not stand if the first judgment is reversed." *Id*. at 6.

To establish res judicata, Travis was required to show the earlier judgment was a final judgment. The earlier judgment upon which Travis relies to support his right to summary judgment in this appeal is no longer a final judgment. When an appellate court reverses the first judgment, the finality necessary for claim or issue preclusion is eliminated. *See J.J. Gregory Gourmet Servs., Inc. v. Antone's Imp. Co*., 927 S.W.2d 31, 34 (Tex. App.—Houston [1st Dist.] 1995, no writ); *see also Watson v. Houston Indep. Sch. Dist*., No. 01-04-01116-CV, 2005 WL 3315254, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 8, 2005, no pet.) (mem. op.) (concluding that because the earlier judgment HISD relied upon to support its res judicata argument was reversed, the summary judgment on appeal must likewise be reversed); *Frazin v. Hanley*, No. 05-03-00014-CV, 2004 WL 516168, at *1–2 (Tex. App.—Dallas Mar. 17, 2004, no pet.) (mem. op.) ("Our reversal of *Frazin I* means that there was no final judgment, and preclusive defenses that rely on a final judgment cannot be established as a matter of law."). Thus, because the earlier

---

[1] Our opinion resolved other issues raised by Michael, but they are not relevant to this appeal.

judgment in the Dallas Action, on which Travis relies, has been reversed, the summary judgment rendered against Schmidt cannot stand.

In reaching this conclusion, we are unpersuaded by Travis's argument that Schmidt failed to challenge the Dallas Action on appeal, and therefore, we should affirm because he failed to negate all grounds that could possibly support the judgment. Encompassed within Schmidt's first issue challenging the "vehicle" through which Travis prosecuted his case, Schmidt argues, "The 1980 Agreed Judgment quieted title to the subject oil and gas lease exclusively in the Trust." He explicitly states that the 1980 Judgment became res judicata and binding on all parties. He explains evidence was presented to the trial court conclusively establishing ownership of the Westbrook Lease in the 1980 Judgment. Accordingly, we construe Schmidt's arguments as challenging the Dallas Action, in which the parties disputed the effect of the 1980 Judgment. *See Ward*, 2014 WL 3955161, at *15 (noting four summary judgments "at issue in this appeal addressed the parties' disputes regarding the effect of the 1980 Judgment"). Based on this conclusion, we need not decide whether Travis incorrectly filed his cause of action as a declaratory judgment rather than a trespass to try title. *See* TEX. R. APP. P. 47.1

Moreover, Schmidt's second and third issues challenging the validity of the 1992 Henderson County Judgment and the denial of his application for supplemental relief in Henderson County are moot, and we need not address them. *Id.*

### Conclusion

We reverse the judgment of the trial court and remand this case for further proceedings.


131095F.P05

/David L. Bridges/
_____
DAVID L. BRIDGES
JUSTICE

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

R. JEFFREY SCHMIDT, SUCCESSOR
TRUSTEE OF THE WARD CHILDREN'S
TRUST, Appellant

No. 05-13-01095-CV        V.

TRAVIS WARD AND HUNT OIL
COMPANY, Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-07866-B.
Opinion delivered by Justice Bridges.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant R. JEFFREY SCHMIDT, SUCCESSOR TRUSTEE OF THE WARD CHILDREN'S TRUST recover his costs of this appeal from appellee TRAVIS WARD AND HUNT OIL COMPANY.

Judgment entered October 6, 2014