**Thomas A. POWELL and Billy L. Music, Appellants,**

v.

**GULF COAST CARRIERS, INC., Larry Strickland, Lynda Strickland, and Lance Strickland, Appellees.**

No. C14–93–00594–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 10, 1994.

Rehearing Overruled March 3, 1994.

Floyd J. Fernandez, Houston, for appellants.

James B. Eaton, Houston, for appellees.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This appeal is from a judgment confirming an arbitration award. Appellants contend on appeal that the evidence is factually insufficient to support the decision of the arbitration panel, and the judgment is against the great weight and preponderance of the evidence. Appellees filed a motion to dismiss the appeal, arguing that factual insufficiency of the evidence may not be reviewed on appeal of an arbitration award.

Appellants' suit was an attempt to enforce a judgment they had obtained against Gulf Carriers, Inc., a bankrupt trucking company. They sought to pierce the corporate veil and impose liability upon the individual appellees, alleging fraudulent conveyances had denuded the corporation of assets and forced it into bankruptcy. The trial court ordered arbitration and the parties consented to have all issues arbitrated. The trial court confirmed the arbitrators' award that appellants take nothing on all claims and causes of action against appellees.

Appellants brought their appeal pursuant to TEX.REV.CIV.STAT.ANN. art. 238–2(A)(6) (Vernon 1973), which provides that an appeal may be taken from a "judgment or decree entered pursuant to the provisions of the [Texas General Arbitration Act]." Arbitration awards may only be vacated in accordance with TEX.REV.CIV.STAT.ANN. art. 237 (Vernon 1973). Article 237 provides specific grounds for vacating an award: (1) the award was procured by corruption, fraud or other undue means; (2) there was evident partiality, misconduct or willful misbehavior by an arbitrator prejudicing the rights of a party; (3) the arbitrators exceeded their powers; (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown, or refused to hear material evidence or otherwise conducted the hearings contrary to the provisions of the Act so as to prejudice substantially the rights of a party; and (5) there was no arbitration agreement, the issue was not adversely determined under Article 225 to stay the arbitration proceeding, and the party did not participate in the arbitration hearing without objection. Appellants have not raised any of these complaints.

■ In addition, under the common law of this state, the test for determining whether or not an arbitration award must be vacated is whether the award is "tainted with fraud, misconduct, or such gross mistake as would imply bad faith and failure to exercise honest judgment." *Carpenter v. North River Ins. Co.,* 436 S.W.2d 549, 551 (Tex.Civ.App.—

Houston [14th Dist.] 1968, writ ref'd n.r.e.). Statutory arbitration is merely cumulative of the common law. *L.H. Lacy Co. v. City of Lubbock*, 559 S.W.2d 348, 351 (Tex.1977). Appellants have not alleged any common law grounds for vacating the award, and a complaint that the award is against the overwhelming weight of the evidence is insufficient. *See Johnson v. American Can Co.*, 361 S.W.2d 451, 453 (Tex.Civ.App.—Houston [1st Dist.] 1962, writ ref'd n.r.e.).

Article 238 governs modification or correction of an award. The specific grounds which permit modification are: (1) an evident miscalculation of figures or evident mistake in the description of any person, thing or property referred to in the award; (2) an award upon a matter not submitted; (3) an error in form, not affecting the merits. TEX. REV.CIV.STAT.ANN. art. 238 (Vernon 1973). Appellants also have not alleged any of these grounds.

An arbitration award is conclusive on the parties as to all matters of fact and law because the award has the effect of a judgment of a court of last resort. *Bailey and Williams v. Westfall*, 727 S.W.2d 86, 90 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). We must indulge every reasonable presumption to uphold arbitration awards. *Massey v. Galvan*, 822 S.W.2d 309, 316 (Tex.App.—Houston [14th Dist.] 1992, writ denied). A mere mistake of fact or law alone is insufficient to set aside an arbitration award. *Riha v. Smulcer*, 843 S.W.2d 289, 292 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *House Grain Co. v. Obst*, 659 S.W.2d 903, 906 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

We conclude that absent an allegation of a statutory or common law ground to vacate the arbitrators' award, this court is without jurisdiction to review the award. We dismiss this appeal.