

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00071-CV

_____

ESTATE OF KENNETH FLOURNOY, ESTATE OF MILDRED LAMB, AND KATHLAN FLOURNOY, Appellant

V.

DAVID B. RISNER AND BILLIE CASEY RISNER, Appellees

On Appeal from the 294th District Court
Van Zandt County, Texas
Trial Court No. 02-00670

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

This suit is an appeal to set aside an award in arbitration. We affirm the trial court's judgment.

In 1994, Mildred Lamb, in her individual capacity, executed and delivered two deeds of parts of her property in Van Zandt County.[1] The first of these was executed in July to her neighbors, David Risner and wife, Billie Casey Risner, and purported to convey a specific 10.163-acre portion of her called 82-acre tract. The Risners' daughter, Tammy Reffett, and her husband, David Reffett, were the grantees of the second deed (executed about two months later), which purported to convey an additional 10.502-acre portion. Shortly subsequently, the Refletts conveyed the property described in their deed to the Risners. About eight years later, in August 2002, suit was brought by people claiming title under Lamb, to set aside both of these deeds. Under the last amended petition, the plaintiffs were cast as Kathy Flournoy, individually and as representative of the estates of Lamb and Kenneth Flournoy, both deceased (to whom reference is hereinafter made in all her capacities as "Flournoy"), and the relief sought was to set aside the deeds mentioned above, alleging that the Risners had obtained Lamb's signatures on the deeds by "exerting a predominating and undue influence" on Lamb. The petition further alleged that at the time the deeds were executed and delivered, Lamb was seventy-nine years of age and infirm

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

due to age and illness and that the Risners had assumed the management of all of Lamb's affairs.[2]

The litigation dragged on for almost a decade until 2011 when the parties submitted "[a]ll remaining disputes, differences, and controversies whatsoever in connection with the matter" to an arbitrator. After arbitration hearings, testimony and the submission of evidence, in October 2012, the arbitrator denied the relief requested by Flournoy and found that "all right, title and interest in the real property made the subject of this suit is vested in [the Risners]." In March 2013, the trial court entered a judgment affirming and entering the arbitration award.

On appeal, Flournoy contends that the arbitration award should be vacated and the judgment affirming it reversed and remanded because Flournoy claims (1) the arbitration award failed to provide any findings of fact, conclusions of law or any other rationale for its award, and (2) the arbitrator's award is irrational and contrary to the great weight and preponderance of the evidence admitted at the arbitration.

We affirm the trial court's judgment because Flournoy failed to allege any available basis for vacatur of the arbitration award.

An arbitration award is conclusive "on the parties as to all matters of fact and law because the award has the effect of a judgment of a court of last resort." *Powell v. Gulf Coast*

---

[2]The information in the pleadings presented as a part of this appeal presents something of a contradiction. On the one hand, there is an allegation that the people claiming under her ownership were the contingent beneficiaries of a living trust executed by Lamb before the date of the deeds. However, although the operative petition purports to include a portion of the trust agreement (starting with page 19), there is nothing to show that the disputed property was conveyed into the trust. If the trust agreement dictated the ownership of the property upon Lamb's demise, ownership of the property would not have passed through her estate. If the property were already owned by the trust at the time the objectionable deeds were executed, Lamb's actions as an individual would have had no impact on the title to the land.

*Carriers, Inc.*, 872 S.W.2d 22, 24 (Tex. App.—Houston [14th Dist.] 1994, no writ). This Court's review of an arbitrator's findings is "extraordinarily narrow." *Werline v. E. Tex. Salt Water Disposal Co.*, 209 S.W.3d 888, 897 (Tex. App.—Texarkana 2006, pet. granted). Because arbitration is a favored means of dispute resolution, every reasonable presumption is indulged in favor of upholding the arbitration award. *Xtria L.L.C. v. Int'l Ins. Alliance, Inc.*, 286 S.W.3d 583, 591 (Tex. App.—Texarkana 2009, pet. denied).

The ability of a court to review an award in arbitration is so limited that a mistake of fact or law or the arbitrator's failure to correctly apply the law will not justify vacation of an arbitrator's award. *Werline*, 209 S.W.3d at 897; *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 434–35 (Tex. App.—Dallas 2004, pet. denied). We are not limited to the arbitrator's explanation for his award. *Xtria*, 286 S.W.3d at 591. Rather, we look to the result achieved and determine whether the arbitration award is "'rationally inferable.'" *Id*. (quoting *JJ-CC, Ltd. v. Transwestern Pipline Co.*, No. 14-96-1103-CV, 1998 WL 788804, at *4 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (not designated for publication)); *see also Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994).

Additionally, we review de novo a trial court's confirmation of an arbitration award while giving strong deference to the arbitrator with respect to issues properly left to the arbitrator's resolution. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 339–40 (5th Cir. 2004); *Am. Realty Trust, Inc. v. JDN Real Estate–McKinney, L.P.*, 74 S.W.3d 527, 531 (Tex. App.—Dallas 2002, pet. denied).

4

The parties apparently concur that what is usually called "the Texas Arbitration Act" (TAA) governs this action. *See* TEX. CIV. PRAC. & REM. CODE ANN. Chapter 171 (West 2011). Under the TAA, the trial court must confirm an arbitration award on application of a party unless grounds are offered pursuant to Section 171.088 for modifying or correcting the award under Section 171.091 for vacation of it. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087, 171.088, 171.091. Unless the parties otherwise mutually agree, a court's ability to vacate an arbitration award is limited to the circumstances expressly identified in the statute. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 92–93 (Tex. 2011) (in arbitration agreement, parties may agree to limit arbitrator's powers and expand scope of judicial review); *see also Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002) (per curiam) (statutory grounds for allowing court to modify an award are limited to those TAA expressly identifies); *Cambridge Legacy Group, Inc. v. Jain*, 407 S.W.3d 443 (Tex. App.—Dallas 2013, pet. denied).

As Flournoy seeks vacatur of the arbitration award, Section 171.088 of the TAA is the governing provision, and it provides, in relevant part, that once a valid agreement to arbitrate is reached:

> (a) On application of a party, the court shall vacate an award if:
> (1) the award was obtained by corruption, fraud, or other undue means;
> (2) the rights of a party were prejudiced by:
> (A) evident partiality by an arbitrator appointed as a neutral arbitrator;
> (B) corruption in an arbitrator; or
> (C) misconduct or willful misbehavior of an arbitrator;
> (3) the arbitrators:
> (A) exceeded their powers;
> (B) refused to postpone the hearing after a showing of sufficient cause for the postponement;

5

(C)　　refused to hear evidence material to the controversy; or
　　　(D)　　conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 171.088.

Here, Flournoy fails to allege any of the grounds for vacatur specified in the statute, and the arbitration agreement fails to expand the available scope of our review beyond the statutorily-specified grounds.  Therefore, we must overrule Flournoy's points of error.

We affirm the trial court's judgment affirming the arbitration award.


　　　　　　　　　　　　　　　　Bailey C. Moseley
　　　　　　　　　　　　　　　　Justice

Date Submitted:　　　December 23, 2013
Date Decided:　　　　January 9, 2014

6