

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00090-CV
_____

ROBERT COYLE, Appellant

V.

BAYOU CITY PARTNERS, LLC, THOMAS F. MILLER, KENNETH MANFREDI
AND THEODORE BIRDSONG BOWLES, Appellees

On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court No. 1154930

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Robert Coyle and Bayou City Partners, LLC, Thomas F. Miller, Kenneth Manfredi, and Theodore Birdsong Bowles (collectively Appellees) agreed to a residential construction contract (the Contract) after Coyle hired Appellees to build a home for him. A dispute arose, and Coyle sued the Appellees for equitable relief and alleged violations of the Texas Deceptive Trade Practices Act. Because the Contract bound the parties to engage in binding arbitration of "any dispute or claim arising under, or relating to, [the] Contract" that could not be mediated, the trial court ordered the parties to submit to arbitration after a failed mediation. The arbitrator's award stated that Coyle was liable to Bayou City Partners for $20,500.00 in liquidated damages because he had failed to provide engineered working documents as he was required to do under the Contract, and his failure to do so prevented the Appellees from obtaining a permit to build the home. As a result, the trial court entered a final judgment ordering Coyle to forfeit his initial cash payment of $20,500.00 to Bayou City Partners as liquidated damages under the Contract and denied all of Coyle's remaining claims against all parties.

On appeal, Coyle argues that the trial court's judgment was not supported by factually sufficient evidence.[1] Citing to documents filed with the trial court after the arbitrator's award was entered, Coyle argues that the required documents discussed in the Contract were provided to the Appellees. In response, Appellees argue that Coyle's brief "has introduced new statements of fact, new issues, and new evidence that should have been (but were not) introduced during the

---

[1] Originally appealed to the Fourteenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Fourteenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

2

evidentiary arbitration hearing." Because we conclude that Coyle seeks an opinion on the merits of the case and we cannot review the merits of the arbitrator's decision, we overrule Coyle's complaints and affirm the trial court's judgment.

## I. We Cannot Review the Merits of the Arbitrator's Decision

"When reviewing claims under the Federal Arbitration Act ('the FAA'), we look to federal law to resolve substantive issues, but apply state law to resolve procedural issues." *Ortiz v. Builders First Source-S. Tex., LP*, 617 S.W.3d 227, 229 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (citing *Builders First Source-S. Tex., LP v. Ortiz*, 515 S.W.3d 451, 455 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992))). "Although we review de novo a trial court's ruling confirming, modifying, or vacating an arbitration award, our review is 'extraordinarily narrow.'" *Id.* (citing *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 250 (Tex. App.— Houston [14th Dist.] 2003, pet. denied) (quoting *Hughes Training, Inc. v. Cook*, 254 F.3d 588, 593 (5th Cir. 2001))).

"Under the FAA, a trial court must confirm the arbitration award unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of the FAA." *Id.* (citing 9 U.S.C.A. §§ 9–11).[2] "The grounds set forth in sections 10 and 11 are exclusive." *Id.* (citing *Hall*

---

[2] Grounds for vacating an arbitrator's award under FAA Sections 10 and 11 include: "where the award was procured by corruption, fraud, or undue means"; "where there was evident partiality or corruption in the arbitrators"; "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced"; "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made"; "where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; "[w]here the arbitrators have awarded upon a matter not submitted to them,

3

*St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008)). As a result, "courts may not review the arbitrator's decision on the merits 'despite allegations that the decision rests on factual errors or misinterprets the parties' agreement.'" *Id.* at 231 (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam)); *see Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 250–51 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

Here, the Contract provided for binding arbitration under the FAA. Coyle does not properly brief a challenge on grounds listed in Sections 10 or 11 of the FAA. Instead, while Coyle is appealing the trial court's confirmation of an arbitration award, his argument is that it was not supported by factually sufficient evidence. *See Powell v. Gulf Coast Carriers, Inc.*, 872 S.W.2d 22, 24 (Tex. App.—Houston [14th Dist.] 1994, no pet.) ("[A] complaint that the award is against the overwhelming weight of the evidence is insufficient."). Because we may not review an arbitrator's decision on the merits, we decline Coyle's invitation to do so. *See Load Trail, LLC v. Julian*, 622 S.W.3d 472, 479–480 (Tex. App.—Texarkana 2021, no pet.); *Ortiz*, 617 S.W.3d at 229.[3]

Also, even had Coyle raised a proper complaint under Sections 10 or 11 of the FAA, there is no reporter's record of the arbitration hearing. Because "[w]e must indulge every reasonable presumption to uphold arbitration awards," *Powell*, 872 S.W.2d at 24, "we . . .

---

unless it is a matter not affecting the merits of the decision upon the matter submitted"; or "[w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C.A. §§ 10–11.

[3]Coyle also raises complaints about certain documents introduced by the Appellees. Because they do not correspond with a proper complaint under Sections 10 or 11 of the FAA, and involve the merits, we overrule Coyle's complaints about the documents.

presume evidence was adequate to support the arbitrator's factual findings," *Clear Creek Indep. Sch. Dist. v. Cotton Com. USA, Inc.*, 529 S.W.3d 569, 578 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing *Barton v. Fashion Glass & Mirror, Ltd.*, 321 S.W.3d 641, 645 n.2 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Without a complete record of the arbitration proceedings, we presume adequate support for the arbitration award.")). As a result, we overrule all of Coyle's arguments on appeal.

## II.    Conclusion

We affirm the trial court's judgment.


                                           Scott E. Stevens
                                           Justice


Date Submitted:     December 22, 2021
Date Decided:       February 9, 2022

5